UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 20-60360-CIV-BLOOM/HUNT

JOHN WISEMAN,

    Plaintiff,

v.

EDWIN DIAZ; and
DIGITAL-1, Inc.,

    Defendants.

_____ /

**REPORT & RECOMMENDATION ON
DEFENDANT'S MOTION TO DIMISS**

This matter is before this Court on a Motion Dismiss by Defendant Edwin Diaz. ECF No. 15. The Honorable Beth Bloom, United States District Judge, previously referred this Motion to the undersigned for a Report and Recommendation. ECF No. 23; s*ee also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Having carefully reviewed the Motion, the Response, the entire case file, the applicable law, and being otherwise fully advised in the premises, the undersigned hereby RECOMMENDS that the Motion to Dismiss be GRANTED for the reasons stated below.

**I.    BACKGROUND**

John Wiseman ("Plaintiff"), individually, initiated this action against Edwin Diaz and Digital-1, Inc. (collectively "Defendants" and individually as "Defendant" and "D-1") alleging breach of fiduciary duty ("count two"), breach of oral agreement ("count three"), fraudulent misrepresentation ("count four"), negligent misrepresentation ("count five"), civil theft ("count six"), conversion ("count seven") and unjust enrichment ("count nine"). Plaintiff, derivatively on behalf of D-1, Inc., asserted claims of breach of fiduciary duty

("count one"), civil theft ("count six"), conversion ("count seven"), and unjust enrichment ("count eight").

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A complaint may be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Reilly v. Herrera*, 622 F. App'x 832, 833 (11th Cir. 2015).

"To meet this 'plausibility standard,' a plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Arias v. Integon Nat'l Ins. Co.*, No. 18-22508-CIV-ALTONAGA/GOODMAN, 2018 WL 4407624, at *2 (S.D. Fla. Sept. 17, 2018) (quoting *Iqbal*, 556 U.S. at 678)). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Id.*

"On a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts its factual allegations as true." *Id.* at 3 (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)). However, unsupported allegations and conclusions of law will not benefit from this favorable reading. *See Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

### A. *Conversion and Civil Theft*

As a threshold issue, Plaintiff alleges that the Court possesses subject-matter jurisdiction to entertain this action because the parties are diverse and the amount in controversy exceeds $75,000. ECF No. 14. However, the controversy as alleged involves the alleged conversion of $29,000 by Defendant. ECF No. 14. In the Amended Complaint and the attached Civil Theft Letter, Plaintiff claims it demanded $87,000 due to the Ohio Revised Code § 2307.61(A)(b)(ii) which allows for treble damages for three times the amount of the converted property. *See* ECF No. 14-1. However, without the treble damages, the amount in controversy remains at $47,000,[1] which alone does not meet the jurisdictional threshold to invoke this Court's jurisdiction. Therefore, this Court must first analyze the treble damages count.

#### 1. Parties' Arguments

Defendant argues that Counts 6 and 7 must be dismissed because although the Amended Complaint references a "Civil Theft Letter," no document is filed with the Amended Complaint. Even if such a letter was attached, Defendant contends that Ohio law dictates the claims must be dismissed because the claims all lack factual allegations necessary to meet the exacting standard to support the causes of action for conversion under Ohio Law. Defendant argues that the claims are wholly conclusory allegations. For example, Defendant argues that Plaintiff simply alleges that Defendant converted

---

1. The Amended Complaint alleges: that Defendant only invested $85,000 of the agreed upon $100,000 for a $15,000 difference; refused to pay $12,000 owed to vendors from D-1's bank account; and that Defendant's actions caused D-1 to default on its lease resulting in the loss of its $20,000 down payment. ECF No. 14 at 3, 6, 7. These amounts combined total $47,000.

3

tens of thousands of dollars with no facts detailing the specific nature of the money at issue, the monies identification, or what actions Defendant committed that constitute a theft crime under Ohio law.

Plaintiff counters by arguing that Counts 6 and 7 should not be dismissed because the Amended Complaint alleges that Defendant unlawfully converted $29,000 of D-1's funds, and that under Ohio law, funds identified in a bank account are specific and identifiable enough to maintain an action for conversion. Further, Plaintiff argues that the Amended Complaint should not be dismissed for failing to attach the civil theft letter because Plaintiff truthfully believed he attached the letter and can correct the omission.

2. Analysis

Generally, the elements of conversion are: "1) plaintiff's ownership or right to possession of the property at the time of the conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages." *Gascho v. Global Fitness Holdings, LLC*, 863 F. Supp. 2d 677, 700 (E.D. Ohio 2012). However, where the action for conversion is based on the conversion of money, the action will "only lie if identification is possible and there is an obligation to deliver the specific money in question." *Id.* (quoting *Dice v. White Fam. Cos., Inc.*, 878 N.E.2d 1105, 1109 (Ohio Ct. App. 2007)). Explained differently, "an action alleging conversion of cash lies only where the money involved is 'earmarked' or is specific money capable of identification, *e.g.,* money in a bag, coins or notes that have been entrusted to the defendant's care, or funds that have otherwise been sequestered, and where there is an obligation to keep intact and deliver this specific money rather than to merely deliver a

4

certain sum." *Id.* (quotation omitted). Thus, as an exception to the general rule, specifically identified monies may be subject to conversion. *Id.*

Here, Plaintiff alleges that Defendant "converted at [sic] tens of thousands of dollars of D-1 funds for his personal use" and the Civil Theft Letter alleges that Defendant unlawfully converted $29,000 in D-1 funds. ECF No. 14 at 7, 14-1. However, Plaintiff does not allege how the money was either ear-marked or specifically identifiable. As part of the Parties Investment Agreement, Defendant was to act as the treasurer and use the bank account opened for D-1 for the benefit of D-1. Further, the money transferred into the bank account came from funds received from clients. The Amended Complaint fails to allege facts showing how the $29,000 was converted to Defendant. Nor does the amended complaint show the converted money was ear-marked or specifically identifiable. The absence of such an allegation is fatal to Plaintiff's conversion claim under Ohio law. Therefore, the undersigned recommends that Counts 6 and 7 be dismissed.

Accordingly, "[b]ecause the count on which Plaintiff might have recovered an amount in excess of the jurisdictional minimum must be dismissed for failure to state a cause of action, the Court is divested of subject matter jurisdiction over the remaining counts." *S & S US Enters., Inc., v. Wells Fargo Bank*, No. 12-24181-CIV-UNGARO, 2013 WL 12095572, at *4 (S.D. Fla. Jan. 30, 2013).[2]

The undersigned recognizes that this flaw could possibly be corrected with an amendment alleging more specific facts. In Plaintiff's response, Plaintiff also acknowledges that it could allege more specific facts related to the $29,000. ECF No. 35

---

2. Plaintiff agrees that the entire case may be dismissed if the Court finds that the Amended Complaint does not meet the jurisdictional threshold. ECF No. 35 at 13 n.4.

5

at 10 n.10. However, the undersigned recommends that, as pleaded, the counts for civil theft and conversion, and therefore the entire complaint, should be dismissed.

Because the District Judge may disagree with this recommendation, the undersigned will go on to analyze the remaining counts.

B.   *Breach of Fiduciary Duty*

Plaintiff's Amended Complaint alleges two counts for breach of fiduciary duty both individually and derivatively on behalf of D-1. Defendant argues that the individual count for breach of fiduciary duty should be dismissed because the alleged injuries are injuries sustained by D-1 and not any individual shareholder. Plaintiff counters this argument by contending that under Ohio law, shareholders in a close corporation owe other shareholders a fiduciary duty.

Defendant argues that Count 1 that alleges breach of fiduciary duty derivatively should be dismissed because the Amended Complaint does not contain the Civil Theft Letter. Plaintiff contends that the Civil Theft Letter was attached as Exhibit A.

1.   Analysis

"Generally, majority shareholders have a fiduciary duty to minority shareholders." *Perry v. Perry Farms, Inc.*, 638 F. Supp. 2d 840, 843 (N.D. Ohio 2009) (quotation omitted). In a close corporation, Ohio courts have found a heightened fiduciary duty to exist between majority and minority shareholders. *Id.* This fiduciary duty "imposes on the members of the firm the obligation of the utmost good faith in their dealings with one another with respect to partnership affairs, of acting for the common benefit of all the partners in all transactions relating to the firm business, and of refraining from taking any advantage of one another by the slightest misrepresentation, concealment, threat, or

adverse pressure of any kind." *Tinter v. Lucik*, 876 N.E.2d 1026, 1031 (Ohio Ct. App. 2007).

As to the individual count for breach of fiduciary duty, count 2, Plaintiff's Amended Complaint alleges that: Defendant dominates D-1; Defendant prevented Plaintiff and the other shareholders from inspecting the financial records; Defendant converted D-1's funds for his own personal use; and Defendant refused to pay the obligations of D-1. Accepting these allegations as true, the undersigned finds that Plaintiff has sufficiently pleaded a breach of fiduciary duty. Therefore, the undersigned recommends that Plaintiff's individual count for breach of fiduciary duty, Count 2, should not be dismissed.

As to the derivative count for breach of fiduciary duty, Count 1, Plaintiff's Amended Complaint alleges that: Defendant was the treasurer and secretary of D-1; Defendant was in charge of maintaining the bank account and paying the obligations of D-1; Defendant converted D-1 funds for his personal use; and Defendant's actions cost D-1 hundreds of thousands of dollars. Assuming these allegations to be true, the undersigned finds that Plaintiff has sufficiently pleaded a derivative count for breach of fiduciary duty. Additionally, the undersigned finds that the Civil Theft Letter was attached to the Amended Complaint. The Court was able to view the Civil Theft Letter filed as an exhibit to the Amended Complaint in the docket. ECF No. 14-1. Therefore, the undersigned recommends that Plaintiff's derivative count for breach for fiduciary duty, Count 1, should not be dismissed.

C. *Breach of Oral Agreement*

Defendant argues that Count 3, breach of an oral agreement, should be dismissed because any failure to invest money in D-1 pursuant to an agreement is an injury specific

to D-1 and not Plaintiff individually. Plaintiff counters by arguing that the formation of D-1 was premised on the fact that Defendant should have invested $100,000 pursuant to the investment agreement. Plaintiff contends that he upheld his end of the agreement by investing $100,000. As such, Plaintiff argues that Defendant breached the oral agreement by only investing $85,000.

1. Analysis

To establish a prima facie case for breach of contract, a plaintiff must show (1) the existence of a contract; (2) plaintiff's performance under the contract; (3) defendant's failure to perform under the contract; and (4) damages resulting from defendant's failure to perform. *Robins v. Global Fitness Holdings, LLC*, 838 F. Supp. 2d 631, 642–43 (N.D. Ohio 2012).

Here, the undersigned finds that Plaintiff has sufficiently pleaded a count for breach of an oral agreement. The Amended Complaint alleges that Plaintiff, Defendant, and two others agreed to invest $100,000 each and form D-1. Plaintiff contends that he upheld his end of the contract and that Defendant breached the contract by only investing $85,000 of the agreed $100,000. While the injury may have been sustained by D-1, not Plaintiff, Defendant nonetheless breached the oral agreement by not investing the full amount. Therefore, the undersigned recommends that Count 3 not be dismissed.

D.   *Fraudulent Misrepresentation*

Defendant next argues that Count 4 should be dismissed because Plaintiff's Amended Complaint does not plead any facts to support fraudulent misrepresentation. Under Ohio law, an allegation of fraudulent misrepresentation requires compliance with Federal Rule of Civil Procedure 9(b), which necessitates specific allegations rather than

conclusory ones. Further, Defendant argues that Count 4 should be dismissed because it is premised on non-actionable statements of future conduct.

Plaintiff argues that Count 4 should not be dismissed because the allegations asserted for fraud in the instant case fall under the exception in Ohio law that allows for fraud based on promises concerning future action. Plaintiff contends that the allegations put forth in the Amended Complaint establish the promises Defendant made and that the actions he took showed a complete disregard for the promises.

1. Standard

Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

2. Analysis

"To state a claim for fraud under the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and Ohio law, [Plaintiff] must in specific, rather than conclusory terms, allege: 1) a representation or, if a duty to disclose exists, concealment of a fact; 2) material to the transaction at hand; 3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; 4) with the intent to mislead another into relying on the representation; 5) justifiable reliance on the representation or concealment, and 6) a resulting injury proximately caused by the reliance." *Dana Ltd. v. Aon Consulting, Inc.*, 984 F. Supp. 2d 755, 769 (N.D. Ohio 2013).

Generally, fraud cannot be based on promises that relate to future conduct. *See Barret-O' Neill v. Lalo, LLC*, 171 F. Supp. 3d 725, 746 (S.D. Ohio 2016). This is because "a representation that something will be done in the future, or a promise to do it, from its

nature, cannot be true or false at the time when it is made, and thus cannot generally be fairly viewed as a representation of fact." *Id.*

However, an exception to this rule applies when the fraud at issue is promissory fraud. *Captiva, Inc. v. Viz Commc'ns, Inc.*, 85 Fed. App'x 501, 505 (6th Cir. 2004). Promissory fraud occurs when "an individual makes a promise concerning a future action, occurrence, or conduct and, at the time he makes it, has no intention of keeping the promise." *Special Learning, Inc. v. Step by Step Acad., Inc.*, No. 2:14-cv-126, 2015 WL 10990267, at *8 (S.D. Ohio Sept. 17, 2015) (quotation omitted).

Here, Plaintiff's Amended Complaint alleges that during the April 27, 2017 meeting prior to entering into the Investment Agreement with Plaintiff and two other individuals, Defendant made representations that he would faithfully perform the duties of being D-1's treasurer and secretary.  The Amended Complaint also alleges that Defendant had no intention of faithfully completing his duties as evidenced by his outright refusal to pay D-1's obligations or allow other shareholders to inspect the financial records.  The Amended Complaint further alleges that Plaintiff relied on Defendant's representations prior to entering into the investment agreement.  Assuming these allegations to be true, the undersigned finds that Plaintiff has sufficiently pleaded a cause of action for fraud in accordance with Rule 9(b) because Defendant's alleged actions could give rise to the inference that he had no intention to fulfill his promises at the time they were made, which at this stage is sufficient.  Therefore, the undersigned recommends that Count 4 should not be dismissed.

E. *Negligent Misrepresentation*

Plaintiff's Response concedes that Defendant is not an individual that a claim for negligent misrepresentation may be brought against. Accordingly, the undersigned recommends that Count 5 for negligent misrepresentation should be dismissed.

F. *Unjust Enrichment*

Defendant argues that Plaintiff's unjust enrichment claims should be dismissed because Plaintiff's allegations do not show how a benefit was conferred upon Defendant. Defendant also argues that the Investment Agreement cannot provide a basis for both breach of contract and unjust enrichment, and that the unjust enrichment count should therefore be dismissed.

Plaintiff argues that Count 9 properly alleges a claim for unjust enrichment because the Amended Complaint alleged that Defendant had exclusive access to and control of the D-1 bank account, and any benefit provided by Plaintiff to D-1 was therefore also provided to Defendant. Further, Plaintiff argues that since the Amended Complaint alleges the elements of unjust enrichment, that Defendant was conferred a benefit, and that no determination has been made whether the oral contract was valid and enforceable, the Count should not be dismissed. Lastly, Plaintiff argues that as a determination has not been made as to the breach of the oral agreement, Count 3, the claim for unjust enrichment should not be dismissed.

1. Analysis

To establish a prima facie case of unjust enrichment, Plaintiff must allege: 1) that Plaintiff conferred a benefit upon Defendant; 2) knowledge by Defendant of the benefit; and 3) retention of the benefit by Defendant that under the circumstances would be unjust.

11

*Gascho*, 863 F. Supp. 2d at 699.  Ohio bars recovery for unjust enrichment when there is an express valid contract that covers the same issue.  *Robins*, 838 F. Supp. 2d at 646.  However, when fraud is at issue in the breach of contract claim, some Ohio courts have allowed a claim for unjust enrichment to be pleaded in the alternative.  *Gascho*, 863 F. Supp. 2d at 699.

Here, the undersigned finds that Plaintiff's unjust enrichment count could have been pleaded in the alternative, however, as stated above, the undersigned recommended that the breach of contract claim, Count 3, should not be dismissed.  As a result, the undersigned recommends that the unjust enrichment claim should be dismissed.

Additionally, the undersigned recommends that Count 8, the derivative claim for unjust enrichment, should not be dismissed for failure to state a claim.  Unlike Count 9, D-1 was not a party to the Investment Agreement.  Further, the Amended Complaint alleges that Defendant was conferred a benefit by D-1, that is, being made the treasurer and secretary in charge of maintaining the bank account; that he accepted this benefit; and that it would be unjust to allow him to retain the benefit.  This is sufficient at this stage in litigation.

## IV.    RECOMMENDATION

Based upon the foregoing, the undersigned hereby RECOMMENDS that Defendant's Motion to Dismiss, ECF No. 15, be GRANTED and the case be dismissed without prejudice.  If the District Court determines that this case should not be dismissed on the grounds discussed in section A, above, the undersigned then RECOMMENDS that:

1. Counts 5 and 8, negligent misrepresentation and unjust enrichment, should be dismissed; and

2. Counts 1, 2, 3, 4, and 9 should not be dismissed.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida this 1st day of September, 2020.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Beth Bloom
All Counsel of Record